**2017-2289, -2351**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

CISCO SYSTEMS, INC.,

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee,*

ARISTA NETWORKS, INC.,

*Intervenor.*

ARISTA NETWORKS, INC.,

*Appellant*,

v.

INTERNATIONAL TRADE COMMISSION,

*Appellee*

CISCO SYSTEMS, INC.,

*Intervenor.*

ON APPEAL FROM THE UNITED STATES INTERNATIONAL TRADE COMMISSION
IN INVESTIGATION NO. 337-TA-945.

**NONCONFIDENTIAL OPPOSITION OF APPELLEE INTERNATIONAL TRADE COMMISSION TO APPELLANT ARISTA NETWORKS, INC.'S EMERGENCY MOTION TO STAY ENFORCEMENT OF LIMITED EXCLUSION ORDER AND CEASE AND DESIST ORDER**

## TABLE OF CONTENTS

                                                                                                 **Page**

I. Background .................................................................................................... 1

II. Arista Has Failed to Demonstrate that a Stay is Warranted Under the Standard Havens Factors ................................................................................ 4
    A. Arista Has Failed to Demonstrate a Likelihood of Success on the Merits ................................................................................................ 4
    B. Arista Has Failed to Demonstrate that it Will Suffer Irreparable Harm Absent a Stay ........................................................ 9
    C. The Balance of Hardships Does Not Support Arista's Motion for Stay .............................................................................................. 12
    D. The Public Interest Does Not Favor Granting a Stay ......................... 13

III. Conclusion .................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
   Appeal Nos. 17-2336, 2347 .................................................................... 13

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
   Case IPR2016-00303 ................................................................................. 1

*Arista Networks, Inc. v. Cisco Sys., Inc.*,
   Case IPR2016-00309 ................................................................................. 1

*Butamax™ Advanced Biofuels LLC v. Gevo, Inc.*,
   No. 12-1490 (D. Del) ............................................................................. 7, 8

*Cisco Sys., Inc. v. Arista Networks, Inc.*,
   Appeal No. 17-2384 ................................................................................ 13

*ePlus, Inc. v. Lawson Software, Inc.*,
   Nos. 13-1506, -1587 (E.D. Va.) ............................................................. 8, 9

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013) ............................................................. 6, 7

*Nken v. Holder*,
   556 U.S. 418 (2009) ............................................................................... 4, 5

*Novartis AG v. Noven Pharm., Inc.*,
   853 F.3d 1289 (Fed. Cir. 2017) .................................................................. 7

*Sampson v. Murray*,
   415 U.S. 61 (1974) ................................................................................ 9, 10

# TABLE OF AUTHORITIES CONT'D

*Standard Havens Products, Inc. v. Gencor Indus., Inc.*,
    897 F.2d 511 (Fed. Cir. 1990) ...................................................................4, 10

*Virginian Ry. Co. v. United States*,
    272 U.S. 658 (1926) ..............................................................................................4

*Wisconsin Gas Co. v. F.E.R.C.*,
    758 F.2d 669 (D.C. Cir. 1985) ..........................................................................10

**Statutes**

19 U.S.C. § 1337 .............................................................................................................1

19 U.S.C. § 1337(a)(1) ...............................................................................................12

19 U.S.C. § 1337(c) .......................................................................................................7

19 U.S.C. § 1337(j)(4) ...................................................................................................5

35 U.S.C. § 282 ............................................................................................................13

35 U.S.C. § 318(b) ..........................................................................................6, 7, 13

**Federal Register Notices**

80 Fed. Reg. 4313-14 (Jan. 27, 2015) ....................................................................1

82 Fed. Reg. 21827-29 (May 10, 2017) .................................................................1

Appellee International Trade Commission ("the Commission") hereby opposes the motion of Appellant Arista Networks, Inc. ("Arista") to stay enforcement of the Commission's limited exclusion order and cease and desist order pending appeal of the Commission's determination of violation of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337 ("section 337") in the underlying investigation.

## I.   Background

The Commission instituted the investigation underlying this appeal on January 27, 2015, based on a complained filed by intervenor Cisco Systems, Inc. on December 19, 2014.  *See* 80 Fed. Reg. 4313-14 (Jan. 27, 2015).  On May 4, 2017, the Commission issued a final determination finding a violation of section 337 by reason of infringement of certain claims of U.S. Patent Nos. 6,377,577 ("the '577 patent) and 7,224,668 ("the '668 patent").  82 Fed. Reg. 21827-29 (May 10, 2017).  The Commission issued a limited exclusion order and cease and desist order (collectively, "the remedial orders") against appellant Arista.  *Id.*

Meanwhile, on June 11, 2016, the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO") instituted separate *inter partes* review ("IPR") proceedings concerning the '577 and '668 patents.  *Arista Networks, Inc. v. Cisco Sys., Inc.*, Case IPR2016-00303 (regarding the '577 patent); *Arista Networks, Inc. v. Cisco Sys., Inc.*, Case IPR2016-00309 (regarding

the '668 patent).  On May 25, 2017, the PTAB issued its final written decision finding certain claims of the '577 patent unpatentable based on prior art not presented in the Commission investigation.  On June 1, 2017, the PTAB issued its final written decision finding certain claims of the '668 patent unpatentable based on certain combinations of prior art not presented in the Commission investigation.  The claims affected by the PTAB's final decision include all of the claims on which the Commission based its finding of violation of section 337.

On May 30, 2017 (refiled on June 1, 2017), Arista filed an emergency petition with the Commission to modify, suspend, or rescind the remedial orders pending appeal of the PTAB's May 25, 2017 final written decision.  On June 2, 2017, Arista filed a second emergency petition with the Commission to suspend or rescind the remedial orders pending appeal of both the PTAB's May 25, 2017 and June 1, 2017 final written decisions.  On July 20, 2017, the Commission denied Arista's petitions for rescission.

On July 21, 2017, Arista filed a petition with this Court, seeking review of the Commission's finding of violation of section 337 and its denial of Arista's petition to temporarily rescind the remedial orders pending resolution of the appeal

of the PTAB's final written decisions concerning the '577 and '668 patents. *Arista Networks, Inc. v. Int'l Trade Comm'n*, Appeal No. 17-2351.[1]

Also on July 21, 2017, Arista filed a motion before the Commission, requesting that the Commission stay enforcement of the remedial orders pending its appeal of the Commission's final determination of violation of section 337. On August 3, 2017, Cisco filed an opposition to Arista's motion. On August 11, 2017, Arista filed a motion for leave to file a reply in support of its motion to stay, with its reply accompanying the motion. On August 23, 2017, Cisco filed an opposition to Arista's motion for leave. Arista's motion to stay remains pending before the Commission. The last filing in this chain occurred a mere two days before Arista filed its present motion to stay with this Court. Therefore, Arista's claim that the Commission is unreasonably delaying consideration of Arista's stay motion, such that it is impracticable to wait for the Commission to issue its decision before the present stay motion is entertained, pursuant to Federal Rule of Appellate Procedure 18 and Rule 18(d) of this Court, is baseless.

---

[1] Cisco filed an appeal from the Commission's determination of no violation on June 30, 2017, with respect to U.S. Patent Nos. 7,023,853; 7,061,875; 7,460,492; 8,051,211. *Cisco Sys., Inc. v. Int'l Trade Comm'n*, Appeal No. 17-2289. On August 3, 2017, the Federal Circuit consolidated the Arista and Cisco appeals. *Id.*, ECF No. 20.

## II. Arista Has Failed to Demonstrate that a Stay is Warranted Under the *Standard Havens* Factors

This Court applies the factors recited in *Standard Havens Products, Inc. v. Gencor Industries, Inc.* in determining whether to grant a motion for stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed *on the merits*; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  897 F.2d 511, 512 (Fed. Cir. 1990) (emphasis added).   As discussed below, Arista relies on *Standard Havens*, but has failed to show that the *Standard Havens* factors favor a stay in this case.

### A. Arista Has Failed to Demonstrate a Likelihood of Success on the Merits

Arista has failed to make the requisite "strong showing" that it is likely to succeed on the merits.  *See Nken v. Holder*, 556 U.S. 418, 426 (2009).  As the Supreme Court has explained, "[a] stay is not a matter of right, even if irreparable injury might otherwise result."  *Id*. at 433 (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)).  Rather, "[i]t is instead 'an exercise of judicial discretion,' and . . . [t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion."  *Id*. (citations omitted).  The Supreme Court further emphasized that, when the action of a legislatively

4

empowered agency is under review, "[t]he parties and the public, while entitled to both careful review and a meaningful decision, are also generally entitled to the prompt execution of orders that the legislature has made final." *Id*. at 427. In this respect, it is important to view Arista's request in the context of the statutory scheme that provides for the finality of Commission determinations after the parties have had an opportunity to be heard before the Commission and the President has reviewed the order. *See* 19 U.S.C. § 1337(j)(4).

Arista bases its likelihood of success argument, not on the merits of the Commission's determination, as contemplated by *Standard Havens*, but on the likelihood that the PTAB's final written decisions concerning the '577 and '668 patents will survive appellate review. Not once does Arista challenge the correctness of the Commission's determination. Neither does Arista cite any support for the proposition that the merits of an appeal from a separate proceeding should factor into the calculus of whether a stay of the Commission's remedial orders is appropriate. [2]

Further, Arista's argument that, merely because the PTAB has found in an as yet unreviewed decision that the relevant claims of the '577 and '668 patents are

---

[2] Because the Commission did not participate in the PTAB proceedings and the record of the PTAB is not before the Commission, the Commission is in no position to respond to Arista's assertion that it is likely to prevail in the appeals from those proceedings. In particular, the Commission offers no opinion on whether the PTAB correctly declined to apply assignor estoppel in determining whether to institute the IPR proceeding concerning the '577 patent.

unpatentable, the Commission's remedial orders should be stayed is inconsistent with the intent of Congress. Unless and until all appeals from the PTAB's final decisions are final and the PTAB has issued a certificate of cancellation for the claims of the '577 and '668 patent, those claims are still valid and enforceable. *See* 35 U.S.C. § 318(b); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1344 (Fed. Cir. 2013) ("[T]here is no basis for distinguishing between the effects of a final, affirmed court decision determining invalidity and a *final, affirmed PTO decision* determining invalidity on a pending litigation.") (emphasis added). Thus, the basis for the Commission's remedial orders, the presumed validity and adjudicated infringement of the '577 and '668 patents, remains in effect until that time. Arista is improperly attempting to obtain the benefit of a certificate of cancellation that has not yet issued and may never issue. Congress has not provided for such a result.

Appeals from trial courts and from the PTAB live their own appellate lives and are judged by the standards particular to them. This Court has explained that conflicts between validity decisions from the trial courts and the PTO are permissible and not unexpected. Specifically, the Court has explained that given the differing standards of proof required to invalidate a patent between an adjudicative proceeding and a PTAB proceeding, "even if the record were the same . . . the PTAB properly may reach a different conclusion based on the same

6

evidence." *Novartis AG v. Noven Pharm., Inc.*, 853 F.3d 1289, 1294 (Fed. Cir. 2017). Like district courts, the Commission applies a different—and higher— standard of proof than the PTO with respect to validity.[3] Further, in this case the record is different since Arista asserted different combinations of prior art during the IPR proceedings than before the Commission.

Thus, the mere existence of the PTAB's final decision, absent a certificate of cancellation from the PTO for the relevant claims of the '577 and '668 patents, should not be a factor in determining whether Arista is likely to succeed in its appeal from the Commission's determination in the underlying investigation. *See* 35 U.S.C. § 318(b); *Fresenius*, 721 F.3d at 1344. And Arista has not pointed to anything in the PTAB's decisions that could call into question the correctness of the Commission's determination. Rather, Arista relies solely on its prediction that the PTAB's decisions will be affirmed and the effect of (not yet issued) certificates of cancellation.

Arista relies on two cases for the proposition that the Court should stay enforcement of the Commission's orders because of the PTAB's final decision (Mot. at 8-9). However, neither case supports Arista. In *Butamax™ Advanced Biofuels LLC v. Gevo, Inc.*, No. 12-1490 (D. Del), the district court had declined to

---

[3] Notably, while the PTAB declined to apply assignor estoppel with respect to the '577 patent, the Commission is obligated by its statute to consider "[a]ll legal and equitable defenses" as may apply to a particular issue. 19 U.S.C. § 1337(c).

7

grant a preliminary injunction against the alleged infringer where there were serious questions regarding the validity of the patent at issue as determined by the district court. *Id.*, ECF 24 at 4 (July 9, 2012). When the patentee appealed the denial of the preliminary injunction to this Court, the patentee also sought an injunction against the alleged infringer pending resolution of the appeal. *Id*. The district court granted the second injunction. *Id*. at 4-5. The alleged infringer filed a motion with the Court to stay the second injunction, asserting that the district court granted it out of apparent concern that the Court would disagree with its claim construction rather than basing it on an analysis of the proper stay factors. *Id*. As such, the merits at issue were solely based on the district court's own determinations, including that the patent at issue was likely invalid, not any ancillary PTO proceedings. *See id*. at 3-4.

In *ePlus, Inc. v. Lawson Software, Inc.*, Nos. 13-1506, -1587 (E.D. Va.) the adjudicated infringer was subject to a contempt order for, as the district court found, failing to successfully redesign its infringing products. *Id.*, ECF 23 at 8 (Sept. 11, 2013). The contempt award was for over $18 million. *Id*. The infringer moved for a stay of the contempt order pending appeal. In addition to challenging the district court's assessment of the redesigned products, the infringer challenged the continued scope of the injunction against it since the Court had previously reversed the district court's infringement findings almost in their

8

entirety. *Id*. at 10-16. The PTO had found the sole remaining claim forming the basis of the injunction invalid, an appeal of which was pending at the time the infringer filed its motion to stay the contempt order. In granting the motion to stay in part, however, the Court did not stay the contempt order with respect to the restrictions imposed on the infringer's activities, implying that it did not take into account the fact that the remaining claim underlying the injunction had been found by the PTO to be invalid. *Id*., ECF 29 at 2 (Sept. 19, 2013).

Arista, thus, fails to show likelihood of success on the merits of its appeal from the Commission's determination of violation of section 337 and issuance of the remedial orders.

### B. Arista Has Failed to Demonstrate that it Will Suffer Irreparable Harm Absent a Stay

The Supreme Court has explained that "[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974). The evidence Arista provides shows at most that Arista may incur expense and inconvenience due to Arista's compliance with the Commission's remedial orders. Arista has failed, however, to demonstrate that such harm is irreparable, *e.g.*, that even after Arista completes the process of redesigning its products to comply with the Commission's orders, its business will never recover. Arista does not assert, for example, that it may be forced to close its

9

business or downsize its workforce as a result of the modified exclusion order. *See*, *e.g.*, *Standard Havens*, 897 F.2d at 515-16 (granting a motion for stay in an infringement appeal where the Court found the harm to the movant without a stay would be "catastrophic and irreparable" because the movant would be "likely to suffer irreparable harm in the form of employee layoffs, immediate insolvency, and, possibly, extinction."). At most, Arista asserts that it will suffer economic loss, but such is insufficient; the loss must be irreparable. *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985) (explaining that "economic loss does not, in and of itself, constitute irreparable harm").

Moreover, the losses Arista complains of are those that may be expected to be borne by any adjudicated infringer.[4] Arista complains that it has required "[[          ]] of engineers . . . many months and [[          ]] of [[          ]]" to redesign its switches to avoid infringing the '577 and '668 patents. Mot. at 13. However, Arista does not assert that its redesign efforts will ultimately be unsuccessful, only that they may be difficult and expensive. A showing of irreparable harm, however, requires more. *Sampson*, 415 U.S. at 90. Arista also

---

[4] The cases on which Arista relies to show the types of injuries that may be considered irreparable harm relate primarily to evaluating the harm to a patent owner due to the continued activities of an alleged infringer in the context of a preliminary injunction. *See* Mot. at 12. While an adjudicated infringer may be entitled to a stay of a judgment pending appeal, Arista presents no support for the proposition that an infringer should be allowed to continue its unlawful activities simply because ceasing those activities would result in expense and effort.

complains that it is forced to "replace well-understood, industry-standard features with new features (or nothing at all)" (Mot. at 13), but this is because those features are covered by Cisco's still valid patents. Arista fails to explain why it should be allowed to continue its infringing activities.

Arista asserts that it is losing opportunities to develop new technologies because many of its engineers are being tasked with the redesign effort. *Id*. at 14. Arista further argues that it has [[          ]] and [[       ]], in the form of [[       ]]. *Id.*; *id*. at 17. However, Arista made the decision to redesign its switch products rather than to take a license from Cisco so that it could continue its operations unimpeded. Again, Arista does not allege that it will be forever prevented from pursuing new technologies, nor does it allege that every engineer in its employ is tasked with the redesign effort. Arista also does not assert that its alleged [[   ]] of [[          ]] will force it to reduce its workforce or to significantly reduce or cease its operations.

Similarly, regarding Arista's customers, none of the declarations submitted asserts that any of those customers' businesses are being threatened. *Id*. at 14-16.[5] Rather, the declarations at most explain that replacing Arista's infringing switch technology may be an expensive and time-consuming undertaking. Such does not

---

[5] Arista has offered as evidence declarations from ten of its customers, which Arista failed to provide to the Commission for consideration.

rise to the level of irreparable harm. Moreover, while Arista asserts it has lost customer [[          ]] and potential [[          ]], [[          ]], and [[

          ]] due to Arista's compliance with the Commission's remedial orders (*id*. at 17), Arista fails to explain how this places it in a different position from any other adjudicated infringer that is required to cease its infringing activities.

### C. The Balance of Hardships Does Not Support Arista's Motion for Stay

Arista asserts that Cisco will suffer no irreparable, or even substantial, harm should the Court grant a stay. However, in particular with respect to the '577 patent, which expires on June 30, 2018, staying the remedial orders may cause Cisco harm, effectively swallowing up the remaining term of the patent.

Moreover, Arista's argument that any harm to Cisco is mitigated because Cisco can recover any damages in its district court suit against Arista (*id*. at 20) fails to appreciate the nature of Commission remedies. The statute provides that the remedies available for violation of Section 337 are "in addition to any other provision of law . . . ." 19 U.S.C. § 1337(a)(1). The possibility of a complainant receiving monetary damages for the same behavior that entitles it to a Commission exclusion order does not warrant denying the complainant the unique remedy available from the Commission.

### D.     The Public Interest Does Not Favor Granting a Stay

Arista asserts that continued enforcement of the Commission's remedial orders will negatively affect "millions of people." Mot. at 21. However, the only evidence Arista presents to support this assertion is that its customers include large companies. *Id*. Arista fails to explain exactly how these "millions of people" are being negatively impacted by Arista's compliance with the remedial orders. Rather, Arista asserts only vague network "security concerns" that may result due to Arista's customers making the changes to their systems required by Arista's obligation to avoid importing or selling infringing switches. *Id*.

Arista also contends that the PTAB's final decisions should sway the public interest analysis. *Id*. at 22-23. However, both Cisco and Arista have already filed appeals from the PTAB's decisions. *See*, *e.g.*, *Arista Networks, Inc. v. Cisco Sys., Inc.*, Appeal Nos. 17-2336, 2347; *Cisco Sys., Inc. v. Arista Networks, Inc.*, Appeal No. 17-2384. The PTAB's decisions are, therefore, not the final word regarding the continued validity of the '577 and '668 patents. Until the PTO issues a certificate of cancellation for the relevant claims of those patents, they are presumed valid. 35 U.S.C. §§ 282, 318(b).

13

## III. Conclusion

Because Arista has failed to show that the *Standard Havens* factors favor a stay, the Commission asks that the Court deny Arista's motion.

Respectfully submitted,

/s/ Megan M. Valentine
DOMINIC BIANCHI, General Counsel
WAYNE W. HERRINGTON,
　Assistant General Counsel
MEGAN M. VALENTINE, Attorney-Advisor

U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Suite 707
Washington, D.C. 20436
Telephone: (202) 708-2301
Facsimile: (202) 205-3111
megan.valentine@usitc.gov

*Attorneys for Appellee International Trade Commission*

Date: September 8, 2017

# CERTIFICATE OF SERVICE

I, Megan M. Valentine, hereby certify on this 8th day of September 2017 that I served a copy of the attached response on counsel of record by electronic means using the Court's CM/ECF system, which will send notice of the filing to all registered CM/ECF users.

/s/ Megan M. Valentine
Megan M. Valentine
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Tel: (202) 708-2301
Fax: (202) 205-3111
megan.valentine@usitc.gov

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE MOTIONS OR BRIEFS CONTAINING MATERIAL SUBJECT TO A PROTECTIVE ORDER

**Motion / Response / Reply** Containing Material Subject to a Protective Order

☑ This motion, response, reply complies with the limitations set forth in Fed. Cir. R. 27(m) and contains [*state the number of*] 12 words (including numbers) marked as confidential, or

☐ This motion, response, reply does not comply with the word count limitations set forth in Fed. Cir. R. 27(m) and a motion requesting permission to exceed the maximum word count limitation is being filed contemporaneously with the filing of this motion, response, or reply.

**Briefs** Containing Material Subject to a Protective Order

☐ This brief complies with the limitations set forth in Fed. Cir. R. 28(d) and contains [*state the number of*] _____ words (including numbers) marked as confidential, or

☐ This brief does not comply with the word count limitations set forth in Fed. Cir. R. 28(d) and a motion is requesting permission to exceed the maximum word count limitation is being filed contemporaneously with the filing of this brief.

/s/ Megan M. Valentine
(Signature of Attorney)

Megan M. Valentine
(Name of Attorney)

Appellee, International Trade Commission
(State whether representing appellant, appellee, etc.)

9/8/2017
(Date)